## No. 551

### FEAN et v. ALA. GT. SO. RD. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2945. Decided April 4, 1927

260. COMMON CARRIERS—1. It is the duty of a common carrier to furnish to a shipper cars that are suitable and safe for the carriage of the particular kind of commodity undertaken to be conveyed, (4 R. C. L. pg. 682., Sec. 156), but it is not incumbent upon the carrier to furnish cars that are perfect in all their parts.

2. A common carrier is not an insurer of perishable property, and is not responsible for the loss of such property when the loss arises from the nature of the property itself.

191. BURDEN OF PROOF—Proof that perishable goods were in good condition at the time of delivery to a common carrier, for shipment, and were in a deteriorated condition at the time of delivery to the consignee makes a prima facie case of liability on the part of the carrier.

646. INSPECTION—RAILROADS: — The Inspection Report of the United States Government concerning a railroad car is not conclusive as to the statements contained in it. The statements contained in such reports are rebuttable.

First Publication of this Opinion

HAMILTON, P. J.

This action was commenced by the plaintiff herein against the defendant herein in the Hamilton Common Pleas. Plaintiff had delivered to defendant at York, Alabama, a carload of strawberries consigned to Cincinnati, and later reconsigned to Columbus, Ohio. Plaintiff claims, that the berries, when delivered to defendant were in good condition, and when received at Columbus were in bad condition, and asks damages.

Defendant claims that the damage was due entirely to the inherent vice of the commodity, and not to negligence on its part. Plaintiff contended that the damage was caused by a defective car. Defendant claims that there was delay in loading the car, and that some of the berries were overripe when loaded. The Common Pleas found for the defendant, and the plaintiff claims error on the grounds that the court erred in not charging the jury that it was the duty of defendant to furnish cars that were perfect in all their parts, and cites as authority the case of Wilson v. Hines, 213 Pacific, 5; that the court's charge in several

particulars limited the common law liability of the carrier as an insurer; that the court's charge was misleading as to the burden of proof; and that the court erred in charging the jury that the Inspection Report of the United States Government was rebuttable.

The Court of Appeals affirmed the Common Pleas, and held as follows:—

1. That the case of Wilson v. Hines, supra, does not state the law in Ohio, the same being that cars supplied by a common carrier must be suitable and safe for the carriage of the particular kind of commodity undertaken to be conveyed.

2. That a common carrier, when carrying perishable goods is not liable as an insurer. American Express Co. v. Smith, 33 OS. 511.

3. That a charge to the jury to the effect that proof that perishable goods were in good condition at the time of delivery to a common carrier for shipment, and that they were in a deteriorated condition at the time of delivery makes a prima facie case of liability on the part of the carrier.

4. That there is no error in a charge to the jury that the United States Government Inspection Report on a railroad car is not conclusive as to the statements contained in it, but is rebuttable.

Judgment affirmed.

(Cushing & Buckwalter, JJ., concur).

Attorneys:—Hightower, O'Brien & Porter for Fean, et; Harmon, Colston, Goldsmith & Hoadly for Rd. Company; all of Cincinnati.